IN THE DISTRICT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| DILIA LORENZANA MONZON<br>3317 Chauncey Place<br>Apt. 101<br>Mount Rainier, Maryland 20712<br><br>　　　　Plaintiff,<br><br>v.<br><br>GALI SERVICES INDUSTRIES, INC.<br>12312 Wilkins Avenue<br>Rockville, Maryland  20852<br><br>　　Serve:　Resident Agent<br>　　　　　　CT Corporation System<br>　　　　　　1015 15th Street, NW<br>　　　　　　Suite 1000<br>　　　　　　Washington, DC 20005<br><br>and<br><br>BOLANA CAPITOL ENTERPRISES, INC.<br>4645 Nannie Helen Burroughs Avenue, NE<br>Suite 260<br>Washington, DC  20019<br><br>　　Serve:　Resident Agent<br>　　　　　　Deborah Jones<br>　　　　　　4016 Martin Luther King Jr.<br>　　　　　　Avenue, SW<br>　　　　　　Washington, DC 20032<br><br>　　　　Defendants. | Civil Case No. |

## CONTINUATION SHEET

Plaintiff, Dilia Lorenzana Monzon ("Plaintiff"), by and through her attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Discoll PC, hereby files her Complaint against Gali Services Industries, Inc. and Bolana Capitol Enterprises, Inc. (collectively "Defendants"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, stating as follows:

## INTRODUCTION

Plaintiff worked for Defendants as a maintenance worker. She worked approximately fifty-six hours per week and was not paid at the overtime rate of one and a half times her hourly rate for hours over 40 per week as required by D.C. and federal law. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to Md. Code Ann., *Cts. & Jud. Proc.*, § 6-102.

2. Venue is proper pursuant to Md. Code Ann., *Cts. & Jud. Proc.*, § 6-201.

## PARTIES

3. Plaintiff is an adult resident of Maryland.

4. Defendant Gali Services Industries, Inc. ("Gali Services") is a Maryland corporation, registered to do business in the District of Columbia.

5. Defendant Bolana Capitol Enterprises, Inc. (Bolana Capitol") is a District of Columbia corporation.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serves customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

## FACTS

10. Plaintiff was employed by Defendants as a maintenance worker from March 16, 2012 through June 30, 2014 (the "Employment Period").

11. Throughout the Employment Period, Plaintiff worked for both Defendants under the same managers at all times.

12. Plaintiff was paid at an hourly rate of $8.50.

13. Plaintiff worked for Defendants for approximately fifty-six hours per week and was never compensated at the required overtime rate of one and one half times her regular hourly rate for those hours worked over forty hours.

14. Plaintiff is owed approximately $6,229.95 in overtime wages.

15. Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of D.C. and federal law.

16. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked. *See* 29 U.S.C. §211.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

17. The precise number of hours worked, and wages owed, should be revealed through discovery.

18. Defendants knowingly and intentionally violated Plaintiff's rights under D.C. and federal law.

## COUNT I
## (FLSA)

19. Plaintiff adopts herein by reference paragraphs 1 through 18 above as if fully set forth herein.

20. Defendants were required to pay Plaintiff compensation at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

21. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week.

22. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

23. Defendants' violation makes them liable to Plaintiff for all unpaid wages and unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in her favor in an amount to be determined at trial, but not less than $12,459.00, which is two times the total overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850
TELEPHONE 301-340-2020

## COUNT II
### (Violation of the D.C. Minimum Wage Revision Act)

24. Plaintiff adopts herein by reference paragraphs 1 through 18 above as if fully set forth herein.

25. Defendants were required to pay Plaintiff one and a half times her regular hourly rate for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

26. Throughout the Employment Period, Defendants failed to properly pay Plaintiff overtime required by the DCMWRA.

27. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

28. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount to be determined at trial, but not less than $6,229.95 and to grant to Plaintiff her reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the D.C. Wage Payment and Collection Law)

29. Plaintiff adopts herein by reference paragraphs 1 through 18 above as if fully set forth herein.

30. The amounts owed to Plaintiff by Defendants for unpaid overtime wages constitute "wages" under the DCWPCL. D.C. ST § 32-1301(3).

31. Defendants were required to pay to Plaintiff overtime wages at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week. *See* D.C. ST §32-101.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

32. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

33. Defendants' failure and refusal to comply with their obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount to be determined at trial, but not less than $18,689.85, which is approximately three times the wages owed; and to grant to Plaintiff her reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: _____
Mary Craine Lombardo (9082)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020