IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DILIA LORENZANA MONZON          :

   v.                           :   Civil Action No. DKC 15-0286

                                                     :

GALI SERVICE INDUSTRIES,
  INC., et al                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is the parties' request to approve their settlement as fair and reasonable and to seal their request to approve the Settlement Agreement. (ECF Nos. 14 & 15). Because the proposed settlement represents a fair and reasonable resolution of a *bona fide* FLSA dispute, the settlement will be approved.

**I.   Background**

Plaintiff Dilia Lorenzana Monzon filed this complaint on December 1, 2014 in the District Court of Montgomery County, Maryland, seeking $6,229.95 in unpaid overtime wages, plus liquidated damages under federal law, treble damages under the D.C. Wage Payment and Collection Law, along with attorney's fees and costs. (ECF No. 2-1). The complaint asserts that Plaintiff formerly was employed as a maintenance worker by Defendants from March 16, 2012 through June 30, 2014. (ECF No. 2-1 ¶ 10). She further contends that Defendants constituted an "enterprise,"

such that she was entitled to overtime pay for any hours worked in excess of forty hours per week.  Plaintiff alleges violations of the FLSA, the D.C. Minimum Wage Revision Act, and the D.C. Wage Payment and Collection Law.

Defendant Bolana Capitol Enterprises, Inc. removed the case to this court on February 2, 2015.  (ECF No. 1).  After obtaining several extensions to file a responsive pleading, and before any such pleading was filed, the parties filed a stipulation of dismissal on March 25, 2015.  (ECF No. 12).  The court issued a paperless order the same day, requiring the parties to submit information sufficient for the court to evaluate the reasonableness of the settlement.  (ECF No. 13).  On April 6, 2015, the parties filed a response to the paperless order.  (ECF No. 14).  As outlined in their submission, both the legal and factual issues were contested, making the outcome uncertain for both sides, and both parties were represented by counsel.  Although they did not submit a written settlement agreement to the court, the letter sets forth the significant terms.

**II. Analysis**

    **A.   Request to Approve Settlement**

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and

2

employees, the statute's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). First, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

Although the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D.Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). Pursuant to *Lynn's Food Stores*, an FLSA settlement generally should be approved if it reflects "a fair and reasonable

resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2 (D.Md. Aug. 31, 2011) (*citing Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241-42 (M.D.Fla. 2010)). Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–cv–1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28, 2009) (collective action); *see also Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 09–cv–00058, 2010 WL 1813497, at *1 n.1 (W.D.Va. May 5, 2010) (applying the same factors to a settlement that involved only individual FLSA claims).

1. **Bona Fide Dispute**

"In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Amaya v. Young & Chang, Inc.* Civil Case No. PWG-14-749, 2014 WL 3671569, at *2 (D.Md. July 22, 2014). The pleadings, along with the parties' joint submission regarding settlement, establish that a *bona fide* dispute exists as to Defendants' liability under the FLSA for overtime payments.

2. **Fairness & Reasonableness**

Upon review of the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Settlement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute. The parties agreed to settle at a very early stage of the proceedings, even before Defendants filed a responsive pleading to the complaint and before any formal discovery had taken place. Additionally, there is no evidence that the proposed Settlement is the product of fraud or collusion. The Settlement Agreement is the product of negotiations between parties represented by counsel. (ECF No. 14 ¶ 6). The amount of the settlement exceeds the basic overtime wages sought by Plaintiff in her complaint, although

not the liquidated damages or other amounts sought. The Settlement resolves all disputes between the parties.

Based on the foregoing, the request to approve the Settlement Agreement will be granted.

**B.   Joint Motion to Seal**

The parties also filed a joint motion to seal its its entirety the submission requesting approval of the Settlement Agreement. (ECF No. 15). They represent that the Settlement Agreement, which they did not provide, includes confidentiality provisions. The parties cite multiple non-FLSA cases from the undersigned for the proposition that "it is appropriate to uphold the expectations of the parties regarding confidentiality, including in the context of confidential settlement terms." (ECF No. 15 ¶ 5). While the parties may agree to keep settlement documents confidential, documents related to the settlement of FLSA claims are different. Where, as here, court approval is required, "the approval process is a judicial act" and "[a]ny document reflecting the terms of the settlement and submitted to the [c]ourt is a 'judicial document' to which the presumption of access likely applies." *Joo v. Kitchen Table, Inc*., 763 F.Supp.2d 643, 644 (S.D.N.Y. 2011) (*quoting Lin v. Comprehensive Health Management, Inc*., No. 08 Civ. 6519(PKC), 2009 WL 2223063, at *1 (S.D.N.Y. July 23, 20099)); *see also Baker v. Dolgencorp, Inc*., 818 F.Supp.2d 940,

6

943 (E.D.Va. 2011) ("[A]n FLSA settlement agreement, submitted to a court for judicial approval, is a judicial record that triggers the common law right of public access"); *Boone v. City of Suffolk, Va.*, 79 F.Supp.2d 603, 609 (E.D.Va. 1999) (unsealing FLSA settlement agreement upon finding it is a judicial document to which presumption of access applies). Courts have generally identified two bases supporting public access to settlement agreements in FLSA cases:

> First is the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement. *Jessup* [*v. Luther*, 277 F.3d 926, 928-29 (7th Cir. 2002)]; *Boone*, 79 FSupp.2d at 609. Second is the "private-public character" of employee rights under the FLSA, whereby the public has an "independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker* [*v. Novar Corp.*, 293 F.Supp.2d 1260, 1264 (M.D.Ala. 2003)] (*quoting Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 709, 65 S.Ct. 895, 89 L.Ed. 1296 (1945)). Thus, "'there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view,'" and this Court finds that the settlement agreement presented here is a judicial document to which the presumption attaches. *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation*, MDL No. 2039, 2009 U.S. Dist. LEXIS 97791, at *4, 2009 WL 3253947 (D.Ariz. Oct. 8, 2009) (*quoting Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2008 U.S. Dist. LEXIS 98795, at *28, 2008 WL 5140045 (S.D.Tex. Dec. 8, 2008)).

7

*Hens v. Clientlogic Operating Corp.*, No. 05-CV-381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010).

The parties must comply with Local Rule 105.11, which reads in part: "[w]henever materials are proposed to be filed in the court record under seal, the party making such filing must simultaneously submit a motion and accompanying order which includes: (a) proposed reasons supported by specific factual representations to justify the sealing; and (b) an explanation why alternatives to sealing would not provide sufficient protection." The parties' desire to keep the settlement terms confidential is not sufficient by itself to justify sealing entirely their request to approve the Settlement Agreement. The parties will have fourteen (14) days to supplement their request to seal and provide reasonable redactions to ECF No. 14.

## III. Conclusion

For the foregoing reasons, the request to approve the Settlement Agreement will be granted. The joint motion to seal will be denied, but the parties will have fourteen (14) days to supplement the request to suggest alternatives to wholesale sealing. A separate order will follow.

                                    /s/
                        ─────────────────────────────
                        DEBORAH K. CHASANOW
                        United States District Judge